Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California
707-318-9929
ronc2009@gmail.com
Plaintiff In *Pro Se*

FILED
OCT 23 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Cupp<br><br>    Plaintiff,<br><br>    vs.<br><br>MCCARTHY BURGESS AND WOLFF, INC.<br><br>    Defendant. | CASE NO: CV24 7389 LJC<br><br>COMPLAINT FOR DAMAGES<br>47 USC § 227 *et seq.*<br>15 U.S.C. § 1692 *et seq.*<br>CFDCPA § 1788 *et seq.*<br><br>DEMAND FOR TRIAL BY JURY |

### INTRODUCTION AND OPENING STATEMENT

This is an action for damages brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC Sec. 227 *et seq.*, 47 USC § 227(b)(1)(A), 47 USC § 227(b)(1)(A)(iii).; Fair Debt Collection Practices Act (FDCPA) Sec. 15 USC § 1692, *et seq*; and the California Rosenthal Fair Debt Collection Practices Act §1788 *et seq.*

Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt belonging to others.

COMPLAINT FOR DAMAGES                                                                                    Page 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. § 1692 *et seq*, and supplemental jurisdiction exists for the state law claims CFDCPA § 1788 *et seq* pursuant to 28 U.S.C. §1367.

2. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendant transact business here, and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Ronald Cupp, hereinafter ("Plaintiff" or CUPP), is a natural person and is a resident of the State of California, mailing address at 150 Raley Town Center Ste 2512, Rohnert Park, California 94928.

4. Upon information and belief Defendant MCCARTHY, BURGESS, & WOLFF, INC. hereinafter ("Defendant" or MBW) is a corporation, authorized to do business in OHIO with main Corporate Office at 26000 CANNON RD, CLEVELAND, OH 44146, under Reg. No. 1178452, with Registrants Entity Number 554990 by OH Secretary of State.

## FACTUAL ALLEGATIONS

5. Plaintiff Ronald Cupp is an individual consumer.

6. Defendant MBW is a licensed Attorney firm and National Collection Bureau and its primary business is collection of debts for themselves and others, tagging CUPP with MBW file #41920089 for an Incorp account no. 449713.

7. Defendant MBW's first demand for payment of the debt was an email 10-17-2023, for which CUPP disputed the debt in writing certified mail 7021 2720 0002 1196 6587, demanding MBW comply with the FDCPA, FRCA, FCBA & ROSENTHAL ACT.

8. CUPP has talked to employees of MBW and verbally disputed the debt and informed each not to call/text/email or contact CUPP again.

9. MBW did not stop.

10. CUPP has 6 calls from MBW #440-735-5100, 2 SMS Text messages with 37472 identifier. CUPP has the date and time of the phone calls and SMS saved as a screed shot on his cell phone.

11. Although CUPP has responded in writing and disputed the MBW debt verbally and in writing, including informing MBW not to call CUPP any further.

12. CUPP is informed and believes that any action of MBW is a continuation of any and all collection activities of MBW.

13. Plaintiff has standing pursuant to Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendant' actions described herein, and Plaintiff's injury in fact is likely to be redressed by a favorable judicial decision in this court.

14. Plaintiffs' injury is in fact both particular and concrete because they have suffered an invasion of a legally protected interest that is concrete because, particularized and actual or imminent. By way of example, Plaintiff has spent a tremendous amount of time and energy to research Defendant, the FDCPA, the TCPA; CAFDCPA. <u>Defendant acted with the willful and malicious intent to injure and cause harm to Plaintiff.</u> Plaintiff has suffered anxiety, headaches, loss of sleep, humiliation and other negative emotions directly caused by Defendant' actions in their willful and neglect violations of the consumer protections.

15. Upon information and belief, as cited in the Supreme Court Decision, "The irreducible constitutional minimum of standing consists of three elements: injury in fact,

causation, and redressability. (See <u>Lujan v. Defendant of Wildlife,</u> 504 U.S. 555, 560-1, 112 S. Ct 2130, 119 L.Ed.2d 351 (1992)).

# COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 and §227(b)(1)(A)(iii)

13. Plaintiff alleges and incorporates the information in the previous paragraphs.

14. 47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

15. Defendant MBW calls were not for emergency purposes, and MBW has no express written consent by CUPP, and if any consent was ever given, it was revoked upon calls between CUPP and Defendant.

Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the CUPP's number, which is assigned to a cellular telephone service.

16. Defendant MBW has committed 8 separate violations of 47 U.S.C. §227(b)(1)(A) and CUPP is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

17. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional, and defendant MBW is a National Debt Collection firm which knew or should

have known they were violating the 'willful' portion of this statute' even though CUPP informed them verbally on the phone not to make collection calls to his phone . Courts have held that, in order to show a willful or knowing violation of the TCPA, CUPP need only show that the Defendant willfully or knowingly committed the act that violated the TCPA. This is consistent with the FCC's interpretation, which is that "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

18. CUPP has never given Defendant permission to call CUPP s cell phone.

19. CUPP and MBW do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant,

 a. actual or statutory damages, ($1,500 per 8 calls/texts). $12,000.00
 b. punitive damages to be determined at trial.
 c. attorney's fees.
 d. costs.
 e. other things this court deems proper.

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(5), §1692e, §1692e(5), §1692e(8), §1692e(10), §1692e(11), §1692g, §1692j, §1692f.

20. Plaintiff alleges and incorporates the information in the previous paragraphs.

21. CUPP is a consumer within the meaning of 15 U.S.C. § 1692a (3).

22. Defendant is a debt collector, actually MBW is a NATIONAL COLLECTION BUREAU, within the meaning of 15 § U.S.C. 1692a (6) since Defendant is attempting collection of a debt from CUPP who IS NOT A CUSTOMER OF nor CLIENT of Defendant MBW.

23. Defendant MBW is a debt collector and on a daily business and a pattern and practice when they collect debts on behalf of themselves and others.

24. Defendant are attempting to collect a debt arising out of a transaction entered for purposes by another individual consumer, who is not CUPP.

25. Defendant has violated the FDCPA as follows:

i. Defendant violated 15 U.S.C. § 1692d (5) by using a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff(s) at the called number.

ii. Defendant violated 15 U.S.C. § 1692e (8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.

iii. Defendant violated 15 U.S.C. § 1692e (10) by using a false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

iv. Defendant violated 15 U.S.C. § 1692e (11) by failing to disclose that the defendant debt collectors were attempting to collect a debt and that any information obtained would be used for that purpose.

v. Defendant violated 15 U.S.C. § 1692g by failing to cease collection until the debt was validated or verified.

vi. Defendant violated 15 U.S.C. § 1692j by furnishing a form knowing that such form would be used to create the false belief in Plaintiff(s) that a person other than the creditor of such consumer is participating in the collection or attempted collection of a debt that such consumer allegedly owes such creditor, when in fact such person is not so participating.

vii. Defendant violated 15 U.S.C. § 1692f by the continued collection of the debt.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant,

    a. actual or statutory damages, ($1,000).
    b. punitive damages to be determined at trial.
    c. attorney's fees.
    d. costs.

e. other things this court deems proper.

## COUNT III
## VIOLATION OF CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT), CALIFORNIA CIVIL CODE SECTON 1788-1788.3

26. Plaintiff alleges and incorporates the information in the previous paragraphs.

27. CUPP is a consumer within the meaning of 15 U.S.C. §1692a(3).

28. Defendant are a debt collector within the meaning of 15 U.S.C. §1692a(6) and Civ. Code § 1788.2(c).

29. Defendant seeks to collect a debt from CUPP as defined by Cal. Civ. Code § 1788.10(f).

30. Jurisdiction under 28 U.S.C. §1367 is appropriate as CUPP and Defendant are the same, with the same set of facts and evidence, giving concurrent jurisdiction to this Court.

31. The account in question is a credit transaction as defined by Cal. Civ. Code § 1788.2(e).

32. Defendant knew or should have known that they were engaging in unfair or deceptive acts or practices in the collection of consumer debts, with each of the calls, in violation of California Civil Code Section §1788.1(a)(2)(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, pursuant to California Civil Code Section §1788.1(a)(2)(b) for unfair or deceptive acts or practices,

a. actual or statutory damages, ($1,000 per violation).

b. punitive damages to be determined at trial.

c. attorney's fees.

d. costs.

33. other things this court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 22nd of October 2024.

/s/ Ronald Cupp

Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California
707-318-9929
ronc2009@gmail.com
Plaintiff In *Pro Se*